**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| BASF CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>FLORES BODY SHOP, INC. and RICK FLORES,<br><br>Defendants. | COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>CIVIL ACTION NO.7:24-cv-10 |

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned Defendants Flores Body Shop, Inc. ("Body Shop") and Rick Flores ("Flores," and collectively with Body Shop, "Defendants") alleges as follows:

**<u>THE PARTIES</u>**

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. Body Shop is a Texas corporation with its principal place of business located at 600 South Main, Andrews, Texas 79714. Upon information and belief, Body Shop had its charter forfeited for failure to pay franchise tax.

3. Body Shop's registered agent is Flores, with a service address at 600 South Main, Andrews, Texas 79714.

4. Flores is an individual and a citizen of the State of Texas.

5. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers as well as other related products and materials for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

6. Body Shop is an autobody shop engaged in the business of reconditioning, refinishing, and repainting automobiles, trucks, and other vehicles.

7. Flores is the director and owner of Body Shop.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey, and Defendants are citizens of the State of Texas. Defendants are subject to the jurisdiction of this Court

because, among other things, a substantial part of the events giving rise to this claim occurred in Texas.

9. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendants are subject to the personal jurisdiction in this District.

10. Michigan substantive law governs BASF's claims pursuant to Paragraph 8 of the Requirements Agreement.

## GENERAL ALLEGATIONS

***The Terms of the Requirements Agreement***

11. On or about November 16, 2018, BASF and Body Shop entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

12. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Body Shop was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $426,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products at suggested refinish pricing ("Minimum Purchases").

13. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Body Shop $70,000.00 (“Contract Fulfillment Consideration”) in consideration of it fulfilling all its obligations under the Requirements Agreement.

14. Pursuant to Paragraph 5 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Body Shop fulfilling its Minimum Purchases requirement by purchasing a minimum of $426,000.00 of BASF Glasurit and RM Refinish Products, Body Shop was required to refund the Contract Fulfillment Consideration to BASF in accordance with the following schedule:

| **Purchases** | **Contract Fulfillment Consideration Refund** |
|---|---|
| Less than 1/5 of Minimum Purchases | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchases | 75% |
| Less than 3/5 and greater than 2/5 of Minimum Purchases | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchases | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchases | 35% |
| After 5/5 of Minimum Purchases | 0% |

15. Pursuant to Paragraph 4 of the Requirements Agreement, Flores signed an Owner’s Personal Guaranty (“Personal Guaranty”) by which he guaranteed Body Shop’s performance under the terms of the Requirements

Agreement, including, but not limited to, the repayment of the Contract Fulfillment Consideration to BASF.

***<u>Defendants' Breach of the Requirements Agreement</u>***

16. Upon information and belief, on or about January 1, 2022, Body Shop breached the Requirements Agreement by, inter alia, ceasing to fulfill 100% of its requirements for Refinish Products with BASF Glasurit and RM Refinish Products before it had fulfilled its Minimum Purchases requirement of $426,000.00.

17. At the time of Body Shop's breach, it had purchased $179,609.77 in BASF Refinish Products, leaving a purchase balance of approximately $246,390.23 due and owing under the terms of the Requirements Agreement.

18. Body Shop's $179,609.77 in purchases of BASF Refinish Products at the time it breached and terminated the Requirements Agreement constitute less than three-fifths and greater than two-fifths of its Minimum Purchases requirement, triggering an obligation under Paragraph 5 of the Requirements Agreement to refund 75% of the Contract Fulfillment Consideration ($52,500.00) to BASF.

19. In breach of the Personal Guaranty in Paragraph 4 of the Requirements Agreement, Flores has failed and refused to refund 75% of the

Contract Fulfillment Consideration, which is $52,500.00, or pay BASF the $246,390.23 balance of the Minimum Purchases requirement.

20. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

21. By letter dated March 31, 2023, a true and accurate copy of which is attached hereto as Exhibit B, BASF gave Defendants notice that they were in default of their contractual obligations and demanded a refund of the Contract Fulfillment Consideration. In addition, BASF notified Defendants that it would seek additional damages that it is entitled to if the matter progressed to litigation.

22. Despite the foregoing, Defendants have failed to satisfy their obligations under the terms of the Requirements Agreement.

**COUNT I**
**Breach of Contract Against Body Shop**

23. BASF incorporates by reference the allegations contained in the above paragraphs.

24. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Body Shop was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $426,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products at suggested refinish pricing.

25. Despite Body Shop's obligations under the Requirements Agreement and in breach thereof, Body Shop failed to meet the Minimum Purchases requirement under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

26. A purchase balance of at least $246,390.23 remains outstanding under the terms of the Requirements Agreement.

27. Because of Body Shop's breach without legal excuse, Body Shop is obligated to refund 75% of the $70,000.00 Contract Fulfillment Consideration to BASF, which amounts to $52,500.00.

28. As of the date of the filing of this Complaint, as a direct and proximate result of Body Shop's breach, Body Shop has damaged BASF under the Requirements Agreement as follows:

a. $52,500.00 for 75% of the Contract Fulfillment Consideration; and

b. $246,390.23 for the remaining balance of the Minimum Purchases requirement.

29. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Body Shop's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

30. As a direct and proximate result of Body Shop's breaches of its obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not less than $298,890.23.

**WHEREFORE**, BASF demands judgment against Body Shop, awarding an amount to be determined at trial but not less than $298,890.23, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT II
## Breach of Contract Against Flores

31. BASF incorporates by reference the allegations contained in the above paragraphs.

32. Pursuant to the terms of the Personal Guaranty in the Requirements Agreement, Flores personally guaranteed Body Shop's obligations to BASF under the Requirements Agreement, including, but not limited to, the return of the Contract Fulfillment Consideration.

33. Despite his obligations under the Personal Guaranty of the Requirements Agreement and in breach thereof, Body Shop has failed to pay BASF the amounts due from Body Shop under the Requirements Agreement.

34. Upon information and belief, as of the date of the filing of this Complaint, Flores has damaged BASF in the following amounts under the Requirements Agreement:

a. $52,500.00 for 75% of the Contract Fulfillment Consideration; and

b. $246,390.23 for the remaining balance of the Minimum Purchases requirement.

35. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Flores's breaches of his obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

36. As a direct and proximate result of Flores's breaches of his obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not less than $298,890.23.

**WHEREFORE**, BASF demands judgment against Flores, awarding an amount to be determined at trial but not less than $298,890.23, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

**COUNT III**
**Unjust Enrichment**

37. BASF incorporates by reference the allegations contained in the above paragraphs.

38. Through BASF's business relationship with Defendants, Defendants received the benefit of the $70,000.00 Contract Fulfillment

Consideration provided by BASF in anticipation of the parties' continued business relationship.

39. Defendants terminated the parties' business relationship but, despite a demand for repayment of the balance of $52,500.00 unearned Contract Fulfillment Consideration, the $52,500.00 balance remains unpaid and outstanding to BASF.

40. BASF expected remuneration in the sum of $52,500.00 for the unearned Contract Fulfillment Consideration. Defendants' failure to return the unearned Contract Fulfillment Consideration to BASF has unjustly enriched Defendants.

41. Permitting Defendants to retain the benefit of the $52,500.00 Contract Fulfillment Consideration, when Defendants prematurely terminated its business relationship with BASF, would be unequitable and unjust to BASF.

42. By reason of the foregoing, Defendants have been unjustly enriched by $52,500.00 for which BASF is entitled to be compensated in full by Defendants together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendants awarding an amount to be determined at trial but not less than $52,500.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT IV
**Declaratory Relief**

43. BASF incorporates by reference the allegations contained in the above paragraphs.

44. BASF requests a judicial declaration of BASF's and Defendants' respective rights under the Requirements Agreement.

45. An actual dispute and justiciable controversy presently exists between BASF and Defendants concerning their rights and obligations under the Requirements Agreement. Defendants contend that they have not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendants are in breach of the Requirements Agreement.

46. A judicial declaration is necessary to establish BASF's and Defendants' rights and duties under the Requirements Agreement.

## DEMAND FOR JURY TRIAL

47. BASF demands a trial by jury on all counts and as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendants as follows:

a. Awarding BASF monetary damages in an amount to be determined at trial, but not less than $298,890.23, together with prejudgment interest;

b. Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

c. Awarding BASF all costs and fees of this action as permitted by law; and

d. Awarding BASF such other and further relief as this Court deems just and proper.

Dated: Dallas, Texas
January 12, 2024

LEADER BERKON COLAO & SILVERSTEIN LLP

By: _/s/ Stephanie Gase_________
Stephanie L. Gase
sgase@leaderberkon.com
8117 Preston Road
Suite 300
Dallas, TX 75225
Tel.: (469) 482-5227
Fax.: (212) 486-3099